# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| BENJAMIN HOLLY,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>NYE COUNTY SHERIFF'S DEPARTMENT.,<br><br>　　　　　　　Defendant. | Case No. 2:16–cv–2607–JAD–VCF<br><br>**ORDER AND REPORT &<br>RECOMMENDATION**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 3) AND COMPLAINT (ECF NO. 1) |

Before the court are Holly's application to proceed *in forma pauperis* (ECF No. 3) and complaint (ECF No. 1). For the reasons stated below, Holly's *in forma pauperis* application is granted and he may proceed with this action. It is recommended that Holly's complaint be dismissed with leave to amend.

## I. Discussion

Holly's filings present two questions: (1) whether Holly may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Holly's complaint states a plausible claim for relief. Each is discussed below.

1. Holly May Proceed *In Forma Pauperis*

Holly's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Holly submitted a financial affidavit. (ECF No. 3). According to the affidavit, Holly is unemployed and has no money in his checking and savings accounts. Holly's application to proceed *in forma pauperis* is, therefore, granted.

1

## II. Legal Standard

Because the court grants Holly's application to proceed *in forma pauperis*, it must review Holly's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Holly's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

"Under 42 U.S.C. § 1983, a plaintiff may pursue claims against 'persons' acting under the color of state law." *Brockmeier v. Solano County Sheriff's Dept.*, No. CIV-S-05-2090-MCE EFB PS, 2006 WL 3760276 at *4 (E.D.Cal. Dec. 18, 2006). "[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." *United States v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005)(Ferguson, J. concurring).

In Nevada, "[i]n the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued." *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996). Under Nevada Revise Statute § 41.031, a county sheriff's department is not a "political subdivision of the State," which may sue or be sued. *See Scheinder v. Elko Cnty, Sheriff's Dep't.*, 17 F.Supp. 2d 1162, 1165 (D.Nev. 1998).

Holly has brought a § 1983 action against the Nye County Sheriff's Department. (ECF No. 1) The sheriff's department is the only named defendant. (*Id.*) The sheriff's department is not a "person" within the meaning of § 1983. *Kama*, 394 F.2d at 1239-40 (Ferguson, J. concurring). Holly's complaint should therefore be dismissed.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Holly's application to proceed *in forma pauperis* (ECF No. 3) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint. (ECF No. 1).

IT IS FURTHER ORDERED that Holly is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Holly's complaint (ECF No. 1) be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

IT IS FURTHER ORDERED that if the court adopts this report and recommendation, and an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from

the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party or the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action.**  *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 5th day of December, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5