$825 iUNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| BENJAMIN HOLLY,<br><br>  Plaintiff,<br><br>vs.<br><br>NYE COUNTY SHERIFF'S DEPARTMENT,<br><br>  Defendant. | Case No. 2:16–cv–2607–JAD–VCF<br><br>**REPORT & RECOMMENDATION**<br><br>AMENDED COMPLAINT (ECF NO. 9) |

Before the court is Holly's amended complaint. (ECF No. 9). Holly was previously granted leave to proceed with this action *in forma pauperis*. (ECF No. 7). Pursuant to 28 U.S.C. § 1915(e)(2), the court screens Holly's amended complaint to determine whether his amended complaint is frivolous, malicious, or fails to state a claim for which relief may be granted. For the reasons stated below, Holly's amended complaint should be dismissed.

**II. Legal Standard**

Because the court granted Holly's application to proceed *in forma pauperis*, it must review Holly's amended complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Holly's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible."

556 U.S. 662, 680 (2009).  The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief.  *Id.* at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).  If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n] that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Holly alleges that Nye County Sheriff's Deputies Joseph Marshall and Anderson violated his Fourth and Fifth amendment rights.  (ECF No. 9)  Specifically, Holly alleges that the officers

"unlawfully broke into [his] home" and that "the Nye County Sheriff's Deputies did not have a proper search and seizure warrant nor did they have a signed warrant by a judge to allow them to force entry into [his] home." (*Id.* at 5)  Holly acknowledges that his landlord told the sheriff's deputies that Holly had an outstanding failure to appear warrant. (*Id.*)  Deputy Marshall apparently confirmed that Holly had an outstanding warrant before making contact with him. (*Id.* at 10)

"[F]or Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reasons to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 602, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).  Holly does not dispute that he had an outstanding failure to appear warrant nor does he challenge the validity of said warrant. (ECF No. 9)  Holly has not stated a claim under §1983 for violation of his Fourth Amendment rights.

Holly also reasserts his claim against the Nye County Sheriff's Department. (ECF No. 9)  As the court has previously stated, the sheriff's department is not a "person" within the meaning of §1983.  *United States v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005) (Ferguson, J. concurring).

Based on the facts alleged in Holly's original complaint and first amended complaint, the court finds that further amendment would be futile.  Holly has been given two opportunities to state a claim for relief.  In that time, he has described nothing more than a constitutional execution of an arrest warrant.  He has also ignored the court's instruction that the Nye County Sheriff's Department may not be sued under §1983.  This action should therefore be dismissed in its entirety with prejudice.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Holly's amended complaint (ECF No. 9) be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that this action be closed.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO RECOMMENDED.

DATED this 14th day of March, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE